**UNITED STATES DISTRICT COURT**
**WESTERN DISCTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| WILLIAM ALVIE MARLOW,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>SCOTT FRAKES,<br><br>　　　　　　　Respondent. | NO. C09-5455 RJB/KLS<br><br>ORDER DENYING PETITIONER'S MOTION FOR THIRD EXTENSION OF TIME, FOR "THIRD PARTY STAMP" AND DIRECTING PETITIONER TO SHOW CAUSE |

Before the Court is Petitioner's third motion for an extension of time within which to submit an amended petition and service copies. Dkt. 10. Petitioner now requests a 180 day extension. *Id.*, p. 2. Petitioner also requests that the court issue an "entitlement" to a Mr. McCain, who is assisting Petitioner, so that Mr. McCain may retain Petitioner's legal materials in his cell for review. *Id.*

Petitioner filed a petition for writ of habeas corpus on July 28, 2009. Dkt. 1. On July 31, 2009, the Court Clerk sent a letter to Petitioner advising him that he had failed to provide the court with sufficient service copies of his petition. Dkt. 2. Petitioner was given a deadline of September 2, 2009 to provide service copies of his petition. *Id.*

On August 25, 2009, Petitioner filed a motion for a 90 day extension of time to correct errors in his opening brief and to provide service copies of his petition. Dkt. 3. He also filed

his proposed exhibits. Dkt. 4. On August 31, 2009, the court received four service copies of the petition, but the service copies did not contain copies of Mr. Marlow's last two exhibit pages.[1] On September 1, 2009, the court granted an extension on Mr. Marlow's deadline to file his opening brief and provide service copies of his petition until November 16, 2009. Dkt. 6.

Petitioner's latest request for a 180 day extension is unreasonable and unsupported. Petitioner has had four months since the filing of his original petition to either provide the court with service copies of his petition and exhibits, to amend his petition, and/or to file his opening brief. Petitioner bases his request for the additional delay on the need to provide portions of the state court record as part of his opening brief. Dkt. 10, p. 3. However, Petitioner is advised that, under Rule 5(c) of the rules governing § 2254 cases, the respondent shall indicate in the answer to a habeas petition what transcripts are available and what proceedings have been recorded but not transcribed. The State must attach to its answer any parts of the transcript it deems relevant. Once this is done, the court, on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. Rules Governing Section 2254 Cases in the U.S. Dist. Cts., 28 U.S. C. Pt. VI, ch. 153, Rule 5 (emphasis added); *Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004). As noted by the *Simental* court, on habeas review, except in limited circumstances, the district

---

[1] On August 31, 2009, Mr. Marlow filed a second motion for extension of time and advised the court that the petition he originally filed with the court was incomplete and contained errors. Dkt. 5. Mr. Marlow requested an extension until "mid-November" to complete and submit his corrected habeas petition. *Id.* That motion was denied as moot as the court had already provided Petitioner an extension until November 16, 2009. Dkt. 7.

ORDER DENYING THIRD EXTENSION OF TIME AND DIRECTING
PETITIONER TO SHOW CAUSE                                                                 2

court does not make independent factual determinations. *Id*. (citing 28 U.S.C. § 2254(e)); *United States ex rel. Green v. Greer*, 667 F.2d 585, 586 (7th Cir. 1981) (an examination of a record is not required if the petitioner fails to identify any incompleteness or inaccuracies in the facts before the district court.) Under Rule 5, the determination of relevance is left to the discretion of the respondent. A demand for further documentation can only be executed by court order *sua sponte* or by request of the petitioner. § 28 U.S.C.A. 2254, Rule 5, Advisory Committee Notes, 1976 Adoption. Upon such a request the burden is placed on the petitioner to prove to the court that the excluded materials requested are relevant and necessary. When a dispute concerning relevance arises, the burden is on the petitioner to prove to the court that the excluded materials are necessary for the petition. *Richmond v. Ricketts*, 640 F.Supp. 767 (Ariz. 1986).

Petitioner's request that the court grant his "reader/writer assistant" with a "Third Party Stamp, with instructions that said entitlement is solely to allow" Mr. McCain to retain petitioner's legal materials in Mr. McCain's cell (Dkt. 10, p. 2) is without merit and cannot be granted. The court lacks jurisdiction to direct the Department of Corrections to "entitle" such assistant with the right to keep Mr. Marlow's legal materials in his cell.[2]

Accordingly, it is **ORDERED:**

(1)     Petitioner's third motion for an extension of time (Dkt. 10) is **DENIED**.

---

[2] Petitioner is further advised that a pro se party may not represent the interests of other persons. Although a non-attorney may appear pro se on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

(2) Petitioner may proceed on his original petition or may file an amended petition and/or opening brief. If Petitioner wishes to proceed on his original petition, he should so advise the court in writing on or before **December 18, 2009**. If Petitioner desires to file an amended petition and/or opening brief, he shall do so on or before **December 18, 2009**.

(3) The Clerk is directed to send copies of this order to Petitioner.

**DATED** this  2nd  day of December, 2009.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge