1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
           **WESTERN DISCTRICT OF WASHINGTON**
9                       **AT TACOMA**
10
   WILLIAM ALVIE MARLOW,                        NO. C09-5455 RJB/KLS
11
                            Petitioner,          ORDER TO SHOW CAUSE
12
      v.
13
   SCOTT FRAKES,
14
                            Respondent.
15

16        Petitioner filed his petition for habeas corpus in this case on July 28, 2009.  Dkt. 1.

17   Since that time, Petitioner has requested and has been granted several extensions of time to

18   file an amended petition in this case.[1]  In response to the court's latest extension, Petitioner

19   asks for another thirty day extension.  Dkt. 14.   In his latest request for an extension,

20   Petitioner claims that the computer he uses to assist him in reading is "down" again as of

21   December 9, 2009, that he has on-going medical issues, and he is waiting for records from the
22

23        [1] Mr. Marlow filed his petition for writ of habeas corpus in this court on July 28, 2009.  Dkt. 1.  He filed
     his first and second motions for an extension of time of 90 days on August 25, 2009 and August 31, 2009.  Dkts. 3
24   and 5.  He filed his third motion for an extension of time on November 17, 2009.  Dkt. 10.  On December 2, 2009,
     Petitioner was ordered to advise the court by December 18, 2009, if he wished to proceed on his original petition
25   or file an amended petition.  Dkt. 11.  In response, Petitioner asserted several reasons for his request for an
     additional thirty days "to further [his] appeal."  Dkt. 12.  The court extended Petitioner's deadline to either
     proceed on his original petition or to file an amended petition until January 29, 2010.  Dkt. 13.
26

state court. Dkt. 14. Mr. Marlow states that he has enclosed documents to show his diligence in obtaining the records, including a transcript of the voir dire, from the superior court. Dkt. 14, p. 1. However, no such records are attached. Instead, Petitioner attaches his requests directed to the Department of Corrections for emails relating to a report reviewed by a Dr. Colby, to Petitioner's assigned readers, and permission for Petitioner to have an assistant. *Id.,* pp. 5-6. Mr. Marlow submitted the identical motion and exhibits in connection with his fourth request for an extension. See Dkt. 12.

The court granted Mr. Marlow's previous requests for extension based on Mr. Marlow's representations of difficulties related to his disability and on the delay in obtaining relevant records to support his petition. However, upon review of Mr. Marlow's petition for habeas corpus, it appears that Mr. Marlow did not appeal his state court judgment of conviction to the Washington Supreme Court.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (citing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." *Id*.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Insyxiengmay*, 403 F.3d at 668; *Baldwin*, 541 U.S. at 33.

In his proposed petition for writ of habeas corpus under 28 U.S.C. § 2241, Mr. Marlow states only that he is challenging his "Lewis County Superior Court Chehalis, Washington" judgment of conviction. Dkt. 1, p. 1. Petitioner indicates that he appealed his judgment of conviction to the Washington Court of Appeals, Division II and that the appeal was denied in

2007. *Id.*, p. 2. He also indicates that he appealed that decision to the Washington Supreme Court, and that appeal was denied in 2007. *Id.*

The court's independent review indicates that Mr. Marlow appealed his 2005 judgment and conviction for three counts of first degree child molestation to the Washington Court of Appeals. See, *State v. Marlow*, 2006 WL 2475031 (Wash.App. Div. 2) (*unpublished opinion*). The Washington Court of Appeals denied his appeal on August 29, 2006. *Id.* However, the court has found no record of a subsequent appeal to the Washington Supreme Court.

Accordingly, the court shall not serve the petition nor grant additional extensions of time until Mr. Marlow files by no later than **March 15, 2010**, an amended petition under 28 U.S.C. § 2241 **showing that his grounds for federal relief have been properly exhausted in state court or show cause why this matter should not be dismissed.**

Accordingly, it is **ORDERED:**

(1)     Petitioner's fifth motion for an extension of time (Dkt. 14) is **DENIED**.

(2)     The Clerk is directed to send copies of this Order to Petitioner.

**DATED** this  23rd  day of February, 2010.

Karen L. Strombom
United States Magistrate Judge