UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM ALVIE MARLOW,

                     Petitioner,

   v.

SCOTT FRAKES,

                     Respondent.

No. C09-5455 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted for:  September 10, 2010**

Petitioner William A. Marlow seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636 (b) (1) and Local MJR 3 and 4.  Mr. Marlow seeks to challenge his 2005 conviction for three counts of Child Molestation in the First Degree.  Dkt. 1.  Respondent filed a response and submitted relevant portions of the State court record.  Dkts. 24 and 25.  Petitioner filed a reply.  Dkt. 26.

Upon review, it is the court's recommendation that Mr. Marlow's first claim for relief[1] based on violations of the Fifth and Fourteenth Amendments' due process clause and the First Amendment's access to courts clause have been exhausted.  However, his claim that his Sixth Amendment right to effective assistance of counsel based on essentially the same facts, is unexhausted.  Also unexhausted are his claims of constitutional violation based on the jury

---

[1]Mr. Marlow presented four issues for federal habeas review.  The court fairly summarized and combined his claims for relief to two issues.

REPORT AND RECOMMENDATION - 1

seeing him in handcuffs and jail garb and the DOC's failure to provide him with a jailhouse

lawyer.  The court recommends that the unexhausted claims be dismissed with prejudice because

they are procedurally barred and that the case be re-referred for further briefing by the parties on

the exhausted portion of his first claim.

## STATEMENT OF PROCEDURAL HISTORY[2]

Mr. Marlow is in the custody of the Washington Department of Corrections pursuant to a

2005 Pierce County conviction for three counts of Child Molestation in the First Degree.  Dkt.

25, Exh. 1.  The court sentenced Mr. Marlow to 180 months confinement on each count, the

terms to run concurrently.  *Id.* at 4.5.

## 1.    Direct Appeal

Through counsel, Mr. Marlow filed a direct appeal of his conviction.  *Id.*, Exh. 2.  In that

appeal, he raised two claims for review:

> 1)    The trial court erred when it allowed into evidence a statement of the Defendant
>       that the Defendant was sexually abused as a young person to establish that the
>       Defendant committed the crime charged against his son, R.M.
>
> 2)    The trial court erred when it allowed expert evidence contrary to prosecutorial
>       disclosure as required by CrR 4.7(a)(2)(ii) or to allow a continuance to allow the
>       defense to adequately prepare for such testimony and thereby denied the
>       Defendant the effective assistance of counsel.

*Id.*, p. 1.

Mr. Marlow submitted a Statement of Additional Ground for Review that included the

following additional ground for relief:  "Mr. Marlow should be granted a new trial because of

prosecutorial misconduct."  *Id.*, Exh. 3, p. 1.  Mr. Marlow made essentially the same arguments

---

[2] Mr. Marlow objects to portions of the "Statement of the Case" contained in Respondent's answer and offers his
defense attorney's summary of the facts instead.  The facts of Mr. Marlow's case are as summarized by the
Washington Court of Appeals. Dkt. 25, Exh. 5.  Moreover, the facts are not recited here as they are not necessary to
the court's determination of whether Mr. Marlow has properly exhausted his claims.

REPORT AND RECOMMENDATION - 2

presented by his appellate attorney.  The state filed a brief in response.  *Id.*, Exh. 4.  The

Washington Court of Appeals affirmed the conviction.  *Id.*, Exh. 5.  Mr. Marlow did not file an

appeal of the decision to the Washington Supreme Court.  The Washington Court of Appeals

issued its mandate on October 6, 2006.  *Id.*, Exh. 6.

**2.    Personal Restraint Petition**

On September 5, 2007, Mr. Marlow (with the assistance of inmate Lincoln Lane

Addleman) filed a personal restraint petition in the Washington Court of Appeals, Division One.

*Id.*, Exh. 7.  He raised the following claim(s) for review:

> Denied First Amendment right to access court where he was told to shut up, sit
> down, and let his attorney do the talking. Where he had no means of
> communicating with counsel, could not read court rule books, did not know how,
> or when to object.

*Id.*, Exh. 7, p. 2.  Mr. Marlow also asserted that the following constitutional provisions should be

considered by the Court of Appeals:  First (denial of access) Fifth (due process of law); Sixth

(right to effective assistance); and, Seventh (right to an impartial jury).  *See* Exh. 7, p. 3.  Mr.

Marlow referred to the "attached COA decision," but included no facts or legal argument to

support these additional claims.  *Id.*

The Court of Appeals fairly identified the following issues when it ruled on Mr.

Marlow's personal restraint petition: "He argues that he was (1) falsely convicted because he is

innocent; (2) denied the right to present an 'alibi' that his neighbor was the perpetrator; (3)

incompetent to stand trial because he is illiterate and therefore could not assist in his defense; and

(4) denied right to access court when told to 'shut up, sit down, and let his attorney do the

talking' because he did not know how to object personally."  Dkt. 25, Exh. 23, p. 1.

REPORT AND RECOMMENDATION - 3

On February 19, 2008, Mr. Marlow filed an amended personal restraint petition. *Id.*, Exh. 8. On March 3, 2008, Mr. Addleman filed a supplement to the personal restraint petition. *Id.*, Exh. 9. The Commissioner considered the supplement as a motion to supplement and denied the motion. *Id.*, Exh. 10.

On or about April 10, 2008, Mr. Marlow (through inmate Lincoln Lane Addleman) attempted to file an additional supplemental personal restraint petition. *Id.*, Exh. 11. While the issue was pending, the State filed its response. *Id.*, Exh. 12. On May 27, 2009, the Washington Court of Appeals Commissioner denied filing of the supplemental pleadings. *Id.*, Exh. 13.

On June 2, 2008, the court received a notice of appearance by Lincoln Lane Addleman, alleging, among other things, that Mr. Marlow was disabled and had been abused at the institution, and should be given special treatment because of his inability to read. *Id.*, Exh. 14. On June 11, 2008, the Commissioner for the Washington Court of Appeals rejected Mr. Addleman's notice of appearance, denied Petitioner's request to order the DOC to provide him with certain computer access and granted Petitioner an extension of time to file a reply brief. *Id.*, Exh. 15 (Letter Ruling). However, Mr. Marlow had already filed his reply brief to the State's response on June 4, 2008. *Id.*, Exh. 16.

Mr. Marlow (again through Mr. Addleman) filed an objection to Commissioner Schmidt's June 11, 2008, ruling. *Id.*, Exh. 17. On or about July 23, 2008. Mr. Marlow filed a letter with the court which the Court of Appeals treated as a supplemental argument on the motion to modify. *Id.*, Exh. 18.

On August 15, 2008, the Court of Appeals ordered the DOC to respond to Petitioner's motion to modify. *Id.*, Exh. 19. The DOC filed its response to the motion to modify. *Id.*, Exh. 20. Mr. Marlow, through an ADA assistant, filed a reply to the DOC'S response to the motion to

REPORT AND RECOMMENDATION - 4

modify.  *Id.*, Exh. 21.  The court issued a ruling on November 6, 2008, denying Petitioner's

motion to modify the Commissioner's ruling.  *Id.*, Exh. 22.

On December 10, 2008, the Court of Appeals issued an order dismissing Mr. Marlow's

personal restraint petition.  *Id.*, Exh. 23.  In its order, the court found Mr. Marlow's amended

petition time-barred and found that Mr. Marlow had not demonstrated how he was allegedly

denied access to the courts.  *Id.*, pp. 3-5.

Mr. Marlow appealed the Court of Appeals' decision by filing a motion for discretionary

review with the Washington Supreme Court, in which he raised three issues for review:

1)   Petitioner's ADA Disabilities and Claim of Actual Innocence
  (a)   Petitioner, due to his disability, should have been accommodated
        under the Americans with Disabilities Act during his trial and all
        subsequent appeals.
  (b)   Petitioner, due to his disability, was unable to perform the acts
        charged.

2.   Ineffective Assistance of Counsel

  (a)   trial counsel;
  (b)   appellate counsel.

3.   The State's violation of Petitioner's Sixth Amendment confrontation
     clause rights

*Id.*, Exh. 24, p. 4.

In his motion for discretionary review, Mr. Marlow stated that the motion "incorporates

by reference the direct appeal, personal restraint petition, Motion to Modify Commissioner's

Ruling, replys [sic], responses, issues, and all exhibits and appendix's [sic] pertinent to those

pleadings into this Motion for Discretionary Review for this court's consideration."  *Id.* at 3.

The Washington Supreme Court Commissioner denied review.  *Id.*, Exh. 25.  The

Commissioner agreed that the Acting Chief Judge of the Washington Court of Appeals properly

REPORT AND RECOMMENDATION - 5

refused to consider Mr. Marlow's ineffective assistance of counsel claims asserted in his

untimely amended petition.  The Commissioner then determined that the claims raised in the

originally filed personal restraint petition were without merit.[3]  *Id.*

Mr. Marlow filed a motion to modify the Commissioner's ruling.  *Id.*, Exh. 26.  On April

22, 2008, the Supreme Court rejected Mr. Marlow's objections because it exceeded the 20-page

limitation.  *Id.*, Exh. 27.  On May 8, 2009, Mr. Marlow filed a revised motion to modify pursuant

to the court's letter.  *Id.*, Exh. 28.  On July 8, 2009, the Washington Supreme Court denied the

motion to modify.  *Id.*, Exh. 29.

The Washington Court of Appeals issued its certificate of finality on September 22, 2009.

*Id.*, Exh. 30.

This court received and filed Mr. Marlow's original habeas corpus petition on July 28,

2009.  Dkt. 1.  After numerous extensions were granted to Mr. Marlow so that he could file an

amended petition and opening brief, Mr. Marlow failed to do so and this court ordered that the

matter proceed under the original petition.  Dkt. 18.

## ISSUES PRESENTED

In his petition for federal habeas relief, Mr. Marlow presented four grounds for federal

habeas relief.  Dkt. 1, pp. 4-5, 7 (CM/ECF pagination).  Those grounds may be fairly

summarized as follows:

> 1) Denial of fair trial when he was unable to talk to his attorney while court
> was in session because the judge told him to be quiet.  Because he cannot
> read or write, he could not effectively communicate with his attorney
> during trial to alert his attorney when witnesses were lying.  He could not

---

[3] The Washington Supreme Court noted that Mr. Marlow's original timely petition asserted claims of (1) actual innocence; (2) denial of his right to present an alibi defense, (3) competency to stand trial; and, (4) denial of access to courts.  Dkt. 25, Exh. 25, p. 2.

REPORT AND RECOMMENDATION - 6

object to the jury seeing him in handcuffs and jail garb and could not read
court rules, the charge, and briefs, motions or constitution(s).

2)      He was denied access to courts because the DOC did not provide him with
a jailhouse lawyer.  Because he cannot read or write, he was forced to rely
on the assistance of other inmates, who took advantage of him.

Dkt. 1, pp. 4-5, 7 (CM/ECF pagination).

## EVIDENTIARY HEARING

In a proceeding instituted by the filing of a federal habeas corpus petition by a person in

custody pursuant to a judgment of a state court, the "determination of a factual issue" made by

that court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).  Under 28 U.S.C.

§ 2254(e)(1), the petitioner has "the burden of rebutting the presumption of correctness by clear

and convincing evidence."  *Id.*

Where a petitioner "has diligently sought to develop the factual basis of a claim for

habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary

hearing in federal court will not be precluded.  *Baja v. Ducharme*, 187 F.3d 1075, 1078-79 (9th

Cir. 1999) (quoting *Cardwell v. Greene*, 152 F.3d 331, 337 (4th Cir. 1998)).  On the other hand,

if the petitioner fails to develop "the factual basis of a claim" in the state court proceedings, an

evidentiary hearing on that claim shall not be held, unless the petitioner shows:

(A)      the claim relies on--

(i)      a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously unavailable; or

(ii)      a factual predicate that could not have been previously discovered
through the exercise of due diligence; and

(B)      the facts underlying the claim would be sufficient to establish by clear and
convincing evidence that but for constitutional error, no reasonable factfinder
would have found the applicant guilty of the underlying offense.28 U.S.C. §
2254(e)(2).

REPORT AND RECOMMENDATION - 7

An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).  It "is not required on issues that can be resolved by reference to the state court record." *Id.* (emphasis in original).  As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id.*; *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (evidentiary hearing not required if motion, files and records of case conclusively show petitioner is entitled to no relief) (quoting 28 U.S.C. § 2255).

In this case, there is no indication that an evidentiary hearing would in any way shed new light on the grounds for federal habeas corpus relief raised in his petition.  See *Totten*, 137 F.2d at 1177.  The question of whether Mr. Marlow has properly exhausted his claims for relief is a legal question that may be resolved by reference to the record before this Court.  Accordingly, the court finds that an evidentiary hearing is not required.

## STANDARD OF REVIEW

This court's review of the merits of Mr. Marlow's claims is governed by 28 U.S.C. § 2254(d)(1).  Under that standard, the court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his ground was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(c) and (d)(1).  The Supreme Court holdings at the time of the state court decision will provide the "definitive source of clearly established federal law." *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), overruled in part on other grounds by

1   *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 155 L.Ed.2d 144 (2003).   A determination of

2   a factual issue by a state court shall be presumed correct, and the applicant has the burden of

3   rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.

4   §2254(e)(1).

5        The court "is limited to deciding whether a conviction violated the Constitution, laws, or

6   treaties of the United States."  *Id.* at 68; see also *Smith v. Phillips*, 455 U.S. 209, 221 (1982)

7   ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene

8   only to correct wrongs of constitutional dimension.").  In addition, for federal habeas corpus

9   relief to be granted, the constitutional error must have had a "substantial and injurious effect or

10   influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)

11   (citation omitted).

12

13                  **DISCUSSION**

14        Section 2254(b)(1) provides that a habeas petition must be denied if the petitioner failed

15   to exhaust his state court remedies.  28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364,

16   365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  To exhaust state remedies, the

17   petitioner must "fairly present" his federal claims to the state courts thereby giving the state the

18   opportunity to address and correct alleged violations of the petitioner's federal rights.  *Duncan*,

19   513 U.S. at 365; *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir.1999); *Johnson v. Zenon*, 88

20   F.3d 828, 830 (9th Cir.1996).  "[S]tate prisoners must give the state courts one full opportunity to

21   resolve any constitutional issues by invoking one complete round of the State's established

22   appellate review process."  *O'Sullivan v. Voerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144

23   L.Ed.2d 1 (1999).

24

25

26

REPORT AND RECOMMENDATION - 9

A complete round of the state's established review process includes presentation of a petitioner's claim to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993), *cert. denied* 513 U.S. 935 (1994). However, "[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Consequently, presentation of a federal claim for the first time to a state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille*, 489 U.S. at 351; *Casey v. Moore*, 386 F.3d 896, 915-18 (9th Cir. 2004), *cert. denied* 545 U.S. 1146 (2005). *But see*, *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available").

"To 'fairly present' his federal claim to the state courts, [petitioner] had to alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Hiivala*, 195 F.3d at 1106 (citing *Duncan*, 513 U.S. at 365-66). The Supreme Court stated in *Gray v. Netherland* that to "fairly present" a claim to the state court, "it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of a claim." Rather, the petitioner "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." 518 U.S. 152, 162-63 (1996).

A *pro se* prisoner's request for relief will be construed liberally as a habeas petition despite formal imperfections. *United States v. Seesing*, 234 F.3d 456 (9th Cir. 2000) (holding that pro se filings are to be liberally construed); see also *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L.Ed.2d 163 (1990) (stating that pro se pleadings are liberally construed). However,

REPORT AND RECOMMENDATION - 10

in the Ninth Circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal case law.  *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir.2000).  In order to present the substance of a claim to a state court, the petitioner must reference a specific federal constitutional provision as well as a statement of facts that entitle the petitioner to relief.  *Gray*, 518 U.S. at 162-63.  A petitioner who cites one clause of a constitutional amendment does not exhaust a claim under a different clause of the same constitutional amendment.  *Picard*, 404 U.S. at 276-77.  The required level of explicitness is the same for pro se petitioners and petitioners who are represented by counsel.  *Lyons*, 232 F.3d at 667.

If a petitioner fails to obey state procedural rules, the state court may decline review of a claim based on that procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  If the state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a habeas proceeding.  *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993); *Shumway v. Payne*, 223 F.3d 982 (9th Cir. 2000).  A claim is also barred, despite the absence of a "plain statement," where the petitioner failed to exhaust state remedies, and the state courts would now find the claim to be procedurally barred under state law.  *Coleman*, 501 U.S. at 735 n. 1; *Noltie*, 9 F.3d at 805.  Washington law bars a defendant from filing a petition more than one year after the judgment becomes final.  RCW 10.73.090.  State law also bars the filing of more than one collateral challenge to a judgment and sentence.  RCW 10.73.140; RAP 16.4(d).

Respondent contends that Mr. Marlow failed to fully and fairly exhaust his claims as federal constitutional claims in the Washington state courts.   Respondent also contends that, in determining whether or not Mr. Marlow properly exhausted his claims, the only documents that

REPORT AND RECOMMENDATION - 11

may be considered are Exhibit 7, the originally filed personal restraint petition (as all other

documents were rejected for filing in the Washington Court of Appeals) and Exhibit 24, the

motion for discretionary review.  Dkt. 24, pp. 9-10.

In its Order Dismissing Petition, the Washington Court of Appeals summarized the issues

raised by Mr. Marlow in his personal restraint petition as follows:

> William Marlow seeks relief from personal restraint imposed following his conviction for three counts of first degree child molestation.  He argues that he was (1) falsely convicted because he is innocent; (2) denied the right to present an "alibi" that his neighbor was the perpetrator; (3) incompetent to stand trial because he is illiterate and therefore could not assist in his defense; and (4) denied right to access court when told to "shut up, sit down, and let his attorney do the talking" because he did not know how to object personally.

Dkt. 25, Exh. 23, p. 1.  *See also*, *id.,* pp. 4-5.

Mr. Marlow raised additional issues in his reply briefs and supplemental pleadings, which

were rejected by the Washington Court of Appeals:

> Marlow raises several issues in his reply briefs[3] that he did not raise in his personal restraint petition.  These issues all involve discrimination or inadequate assistance based on Marlow's alleged disability of illiteracy.  Several of Marlow's prior supplemental pleadings raise this general subject matter of disability.  But we rejected each of those pleadings because the Rules of Appellate Procedure do not allow such supplemental pleadings and, as held above, the "amended" petition was untimely.  The only remaining document is the personal restraint petition that Marlow filed on September 14, 2007.  In that petition, Marlow's aide explained that Marlow cannot read or write, but did not make a legal claim of disability discrimination or inadequate assistance.  Yet the reply briefs contain such legal claims.  Under RAP 10.3(c), we may not consider an issue that is raised for the first time in a reply brief.  *In re Pers. Restraint of Krier*, 108 Wn. App. 31, 37 fn. 4 (2001).  Therefore, we may not address the disability claims on the merits.
>
> [3][Internal Footnote] The Rules of Appellate Procedure allow for only one reply brief, but Marlow submitted two.  RAP 10.3(b).  Because we resolve this issue on other grounds, it is not necessary for us to strike either reply brief as a RAP 10.3(b) violation.

Dkt. 25, Exh. 23, pp. 4-5.

REPORT AND RECOMMENDATION - 12

Mr. Marlow's claims (as summarized by the court) are addressed below.

**1.       Denial of Fair Trial/Inability to Communicate with Attorney**

This claim may be fairly characterized as a violation of due process rights due to Mr. Marlow's incompetency (illiteracy) and inability to assist in his defense.  According to Mr. Marlow, the central theme of his personal restraint petition was that he was not allowed to verbally communicate with his attorney during the trial and that because of his illiteracy, he had no other way to communicate with his attorney during trial – all in violation of his Fifth and Fourteenth Amendment constitutional rights to a fair trial and to be adequately represented by meaningful counsel.  *Id.*, p. 13.

Based on this court's review of Mr. Marlow's state court briefing, his claim that he was denied a fair trial due to illiteracy and inability to communicate with his attorney can be fairly interpreted as a claim that Mr. Marlow was incompetent to stand trial and denied a fair trial in violation of his Fifth and Fourteenth Amendment rights to a fair trial and/or his First Amendment right to access the courts.  This claim was presented to the Washington Court of Appeals and the Washington Supreme Court.  In his motion for discretionary review in the Washington Supreme Court, Mr. Marlow argued that he should have been accommodated under the ADA because he is illiterate; his Fifth and Fourteenth Amendment rights to a fair trial were violated because he was unable to verbally communicate with his counsel, and that he was incompetent to stand trial.  Dkt. 25, Exh. 24, pp. 12-13, 15.

As noted by the Washington Supreme Court, Mr. Marlow's original timely petition asserted claims of (1) actual innocence, (2) denial of his right to present an alibi defense, (3) competency to stand trial, and (4) denial of access to courts.  Dkt. 25, Exh. 25, p. 2.  A review of the Washington Supreme Court's decision relating to the latter two claims illustrates that the

REPORT AND RECOMMENDATION - 13

scope of Mr. Marlow's claims at that time were that he was incompetent to stand trial due to his

illiteracy and that he was denied access to court when he was told to "shut up, sit down, and let

his attorney do the talking":

> Mr. Marlow bases his incompetency claim on his assertion of illiteracy. But even assuming Mr. Marlow is illiterate, he fails to show that he failed to understand the nature of the proceedings and was incapable of assisting in his defense. *See In re Pers. Restraint of Fleming,* 142 Wn.2d 853, 862, 16 P.3d 610 (2001) (defendant incompetent to stand trial if unable to understand nature of proceedings and unable to assist in own defense).
>
> Mr. Marlow grounds his denial of access claim on his assertion that he was told to "shut up, sit down, and let his attorney do the talking."  A review of the trial transcript shows otherwise.  During direct examination of Mr. Marlow's former wife, the prosecutor asked the court that Mr. Marlow not speak so that his wife's testimony could be heard.  The trial court merely directed the prosecutor to proceed with the examination.  The trial court properly exercised its inherent authority to regulate the conduct of the trial. *See State v. Gregory,* 158 Wn.2d 759, 816, 147 P.3d 1201 (2006).  Defense counsel ably assisted Mr. Marlow.  He fails to show he was denied access to the court.

Dkt. 25, Exh. 25, pp. 2-3.

Mr. Marlow did not, however, present this claim as a violation of the Sixth Amendment

to both the Washington Court of Appeals and the Washington Supreme Court.

In his personal restraint petition, Mr. Marlow asserted that he was denied his First

Amendment Right to access the court when he was told to shut up, sit down, and let his attorney

do the talking. Dkt. 25, Exh. 7, p. 2.  He asserted that he had no means of communicating with

counsel, could not read court rule books and did not know how or when to object. *Id.* Mr.

Marlow also asserted that he was denied his Fifth Amendment right to due process of law, Sixth

Amendment right to effective assistance of counsel; and Seventh Amendment right to an

impartial jury. *See* Exh. 7, p. 3.  However, he provided no factual basis or briefing relating to the

Fifth, Sixth or Seventh Amendments.

REPORT AND RECOMMENDATION - 14

In his motion for discretionary review, Mr. Marlow argued that his disabilities should have been accommodated so that he could communicate with his attorney after the trial judge silenced him.  Dkt. 25, Exh. 24, p. 4.  He also argued that his counsel was ineffective because his counsel should have informed the court of Mr. Marlow's inability to read or write when it ordered him to be silent and not to confer with his attorney during the trial, thus undermining his ability to assist in his defense.  *Id.*  Mr. Marlow relied on *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984) in support of this argument.  Mr. Marlow also argued that his Sixth Amendment right of confrontation was violated because his counsel was not allowed to procure witnesses in his favor and, after certain witnesses were allowed to testify on the issues of "profiling" and the "cycle of abuse," his Fifth and Fourteenth Amendment due process rights were violated.  *Id.*  Mr. Marlow adds that his due process rights and right to a fair trial were also violated when the trial court ordered him not to have any verbal communication with his attorney.  *Id.*, p. 3.

Thus, while Mr. Marlow raised a Sixth Amendment claim of ineffective assistance of counsel in his motion for discretionary review in the Washington Supreme Court, he did not raise the same claim before the Washington Court of Appeals.  Instead, he argued there that his Fifth and Fourteenth Amendment due process rights were violated because he was incompetent to stand trial due to his illiteracy and inability to assist in his defense and that his First Amendment right of access to court was violated when he was told to "shut up, sit down, and let his attorney do the talking."  Although he attempted to raise an ineffective assistance of counsel claim in an amended petition, the Washington Court of Appeals denied that attempt because the issues was being raised for the first time in an untimely filed amended personal restraint petition.  Dkt. 25, Exh. 23, pp. 2-3 (*See* RCW 10.73.090(1) (one-year time limit on collateral attack)).

REPORT AND RECOMMENDATION - 15

The Supreme Court of Washington affirmed that the Washington Court of Appeals had properly declined to consider the ineffective assistance claim:

> The acting chief judge properly declined to consider the ineffective assistance claim that Mr. Marlow asserted in his amended petition because the claim was filed more than one year after his judgment and sentence became final. *See* RCW 10.73.090(1) (one-year time limit on collateral attack). Mr. Marlow does not show his judgment and sentence is facially invalid or was entered without competent jurisdiction. *See id.* And Mr. Marlow's claim of ineffective assistance of counsel does not fall within any of the exemptions to the one-year time bar listed under RCW 10.73.100. *In re Pers. Restraint of Stoudmire,* 141 Wn.2d 342, 349, 5 P.3d 1240 (2000).

Dkt. 25, Exh. 25, p. 1.

Also unexhausted are Mr. Marlow's claims that he was unable to object to the jury seeing him in handcuffs and jail garb and that he was unable to know or read the charges, briefs, motions or constitution(s). These claims were never presented to the Washington Court of Appeals or the Washington Supreme Court, nor are they presented as federal constitutional claims here.

As noted above, a petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971), *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). However, the fair presentation requirement is not met if the state's highest court does not reach the merits of a claim due to the procedural context in which it was presented. *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.1994). In addition, a petitioner who cites one clause of a constitutional amendment does not exhaust a claim under a different clause of the same constitutional amendment. *Picard*, 404 U.S. at 276-77.

REPORT AND RECOMMENDATION - 16

Therefore, the undersigned recommends that Mr. Marlow's first claim for federal habeas relief, which is based on violations of the Fifth and Fourteenth Amendments' due process clause and the First Amendment's access to courts clause be re-referred to the undersigned for further briefing by the parties.  The remaining portions of this claim should be dismissed because they were not properly exhausted.

### 2.    First Amendment Denial of Access to Courts – Lack of Jailhouse Lawyer

In this claim, Mr. Marlow claims that he was denied access to courts when the DOC failed to provide him with a jailhouse lawyer.  Dkt. 1, p. 6.  Mr. Marlow alleges that he lost his direct appeal because the DOC failed to test him in 2005 and did not provide him with a "reader" until the conclusion of his direct appeal for only one month and did not assign a "reader" during the filing of his personal restraint petition until after the petition was filed.  *Id.*

As noted above, Mr. Marlow presented his First Amendment access to courts claim to the Washington Court of Appeals, but there he alleged that he was denied access to the court when he was told to "shut up, sit down, and let his attorney do the talking."  Dkt. 25, Exh. 8, pp. 2-3. In addition, the Washington Court of Appeals specifically noted that although Mr. Marlow's aide explained that Mr. Marlow cannot read or write, he did not make a legal claim of discrimination or inadequate assistance based on his alleged disability of illiteracy.  Dkt. 25, Exh. 23, p. 4. When Mr. Marlow attempted to raise the issue for the first time in a reply brief, the Washington Court of Appeals declined to address the merits of the claim because it cannot consider an issue raised for the first time in a reply brief.  *Id.*  (citing RAP 10.3(c) and *In re Pers. Restraint of Krier*, 108 Wn. App. 31, 37 fn. 4 (2001).

Thus, Mr. Marlow did not present a First Amendment claim based on the lack of assistance of a reader before the Washington Court of Appeals or the Washington Supreme

REPORT AND RECOMMENDATION - 17

Court.  He also makes no mention of the federal constitution or federal cases.  Accordingly, the undersigned finds that this claim for federal habeas relief is unexhausted.

**B.      Procedural Default**

If a petitioner fails to obey state procedural rules, the state court may decline review of a claim based on that procedural default.  *Wainwright v. Sykes*, 433 U.S. 72 (1977).  State procedural rules serve an important interest in protecting the finality of judgments, and significant harm may result if the federal courts fail to respect those rules.  *Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991).  If the state court clearly and expressly states that its judgment rests on a state procedural bar, the petitioner is barred from asserting the same claim in a federal habeas corpus proceeding.  *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Noltie v. Peterson*, 9 F.3d 802, 805 (9th Cir. 1993).  The federal court must honor the state's procedural bar ruling even if the state court reaches the merits of the federal claim in an alternative holding.  *Harris*, 489 U.S. at 264 n.10; *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1447 n.2 (9th Cir. 1989).  A claim is also barred, despite the absence of a "plain statement", where the petitioner failed to exhaust state remedies and the state courts would now find the claim to be procedurally barred.  *Noltie*, 9 F.3d at 805.

Mr. Marlow is now barred from presenting his unexhausted claims in a future personal restraint petition to the Washington courts under the independent and adequate state procedural bars of RCW 10.73.090 and RCW 10.73.140.

RCW 10.73.090 (1) provides:

No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

REPORT AND RECOMMENDATION - 18

1       Mr. Marlow's Judgment and Sentence became final, *for state purposes*, one year after the

2   Mandate was filed on October 6, 2006.   Dkt. 25, Exh. 6; RCW 10.73.090 (3)(b).  Thus, Mr.

3   Marlow was prevented from filing a future personal restraint petition in the Washington state

4   courts challenging his conviction and sentence after October 6, 2007.

5       RCW 10.73.140 provides:

6
7       If a person has previously filed a petition for personal restraint, the court of
        appeals *will not consider the petition unless the person certifies that he or she has*
8       *not filed a previous petition on similar grounds, and shows good cause why the*
        *petitioner did not raise the new grounds in the previous petition* . . . . If upon
9       review, the court of appeals finds that the petitioner has previously raised the
        same grounds for review, or that the petitioner has failed to show good cause why
10      the ground was not raised earlier, the court of appeals shall dismiss the petition.

11  RCW 10.73.140 (emphasis added).

12      Because Mr. Marlow previously filed a personal restraint petition raising the majority of

13  his claims presented in this habeas corpus petition, he is now procedurally barred from

14  presenting the identical claims in a future personal restraint petition, unless he can establish good

15  cause for his failure to have raised the same claims in a second petition, or, can show good cause

16  if he raises the same claims in a second petition.  RCW 10.73.140.

17

18  **C.     Cause and Prejudice or Fundamental Miscarriage of Justice**

19      If the habeas petitioner has procedurally defaulted on a claim, he may not obtain federal

20  habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the

21  default.  *Reed v. Ross*, 468 U.S. 1, 11, 104 S. Ct. 2901 (1984).  "Cause" is the legitimate excuse

22  for the default.  *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir.1991).  The Supreme Court has

23  suggested that cause should ordinarily turn on some objective factor external to petitioner, for

24  instance:

25

26

REPORT AND RECOMMENDATION - 19

... a showing that the factual or legal basis for a claim was not reasonably available to counsel, (citation omitted), or that "some interference by officials", (citation omitted), made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Although both "cause" and "prejudice" must be shown to excuse a procedural default, a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, 102 S. Ct. 1558, 71 L.Ed.2d 783 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).

A petitioner can demonstrate "cause" by showing interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel. *Muray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner cannot demonstrate cause to excuse a procedural default where the cause is fairly attributable to the petitioner's own conduct. *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). A petitioner cannot show cause for a procedural default where the petitioner bears "the costs associated with an ignorant or inadvertent procedural default" or "where the failure to raise a claim is a deliberate strategy." *Coleman*, 501 U.S. at 752. "An evidentiary hearing is not necessary to allow a petitioner to show cause and prejudice if the court determines as a matter of law that he cannot satisfy the standard." *Clark v. Lewis*, 1 F.3d 814, 820 (9th Cir. 1993).

Allegations of ineffective assistance of counsel in post-conviction collateral proceedings do not excuse a procedural default. See *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Wainwright v. Torna*, 455 U.S. 586 (1982); *Ortiz v. Stewart*, 149 F.3d 923 (9th Cir. 1998); *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Gallego v. McDaniel*, 124 F.3d 1065, 1078 (9th Cir. 1997); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996); *Moran v. McDaniel*,

REPORT AND RECOMMENDATION - 20

80 F.3d 1261, 1271 (9th Cir. 1996); *Miller v. Keeney,* 882 F.2d 1428, 1432 (9th Cir. 1989).

Similarly, a petitioner's own inadequacies and lack of expertise in the legal system do not excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991).

Mr. Marlow argues in his Reply that he has good cause for his failure to properly exhaust his state remedies. However, none of his arguments bear scrutiny.

Mr. Marlow asserts that he is not procedurally defaulted because he cannot read or write, had no one to assist him for extended periods of time, was placed in danger by persons who read his paperwork, had his bank account drained for over $8,000, his jailhouse lawyer appears to be suffering from serious mental defects and in any event, offered only limited assistance as a ruse to take advantage of Mr. Marlow. Dkt. 26, pp. 4-5.

The "cause and prejudice" standard is equally applicable to untrained pro se litigants. *Hughes*, 800 F.2d at 908-909.  In *Hughes*, the Ninth Circuit stated:

> We conclude that Hughes' circumstances, although unfortunate, are nevertheless insufficient to meet the cause standard.  State courts must be given the opportunity to correct and decide constitutional claims pursuant to reasonable state procedures before the issues are raised in a federal habeas corpus petition. *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982); *Jackson*, 693 F.2d at 869. When a pro se petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court.  To hold that illiteracy is a legitimate cause for failing to appeal to the state supreme court would allow petitioners to wait until the jurisdictional period lapsed and then proceed directly to federal court.  Such a result would be contrary to the principles of comity underlying the cause and prejudice rule.
>
> Although we find that Hughes fails to meet the cause prong of the cause and prejudice standard, we must consider the Supreme Court's warning that the standard is one of discretion intended to be flexible and yielding to exceptional circumstances.  See *Engle*, 456 U.S. at 135, 102 S. Ct. at 1575.  "[T]he principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray*,

REPORT AND RECOMMENDATION - 21

106 S. Ct. at 2650 (quoting *Engle*, 456 U.S. at 135, 102 S. Ct. at 1575).  But the Court has made clear that the exception is narrow.  "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."  *Murray*, 106 S. Ct. at 2650.  Hughes does not meet that narrow exception and hence we are unable to overlook his procedural default in failing to appeal the denial of his post-conviction petition.

*Hughes*, 800 F.2d at 909.

The record reflects that Mr. Marlow had resources available to him at that time to file coherent, meaningful filings with the state courts.  Even though Mr. Marlow may have had to rely on unreliable and untrained "jailhouse lawyers," such reliance or unreliability does not establish cause.  *See, e.g., Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir.1988) (no cause shown by mentally ill inmate reliant upon jailhouse lawyers); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir.1991) (finding no "cause" where despite lack of resources generally, pro se prisoner had not shown personal deprivation, and had managed to file other adequate petitions.)  In *Tacho*, the Ninth Circuit explained:

> While Tacho's mental condition may or may not be a more serious infirmity than Hughes' illiteracy, Tacho, unlike Hughes, has had help from other inmates. Tacho has, in fact, had an attorney for all of his post-conviction petitions except the one raising the claim involved in the instant petition.  If an illiterate petitioner's complete lack of assistance is not cause to excuse a procedural default, it necessarily follows that a literate pro se petitioner who has had such assistance cannot establish cause.

Here, the court accepts as true Mr. Marlow's allegations that he is illiterate and must rely on unreliable inmate assistance.  However, and although these circumstances are unfortunate, they do not meet the cause standard.

Mr. Marlow offers no legitimate "cause" which precluded him from properly exhausting his state remedies. Accordingly, the court need not address the issue of "actual prejudice."  See

REPORT AND RECOMMENDATION - 22

*Engle*, 456 U.S. at 134 n. 43.  Moreover, Mr. Marlow presents no new evidence of actual

innocence but rather, the substance of his habeas claims all focus on procedural aspects of the

prosecution.  Thus, this is not the kind of extraordinary instance where the petition should be

granted despite the absence of a showing of cause.  *See, e.g., Murray v. Carrier*, 477 U.S. 478,

496, 106 S. Ct. 2639, 91 L.Ed.2d 397 (1986); *Schlup v. Delo*, 115 S. Ct. 851, 867 (1995) ("The

exception is available only where the petitioner 'supplements his constitutional claim with a

colorable showing of factual innocence.'")

Accordingly, the undersigned concludes that Mr. Marlow's unexhausted claims fail to

present cognizable grounds for federal habeas corpus relief and they should be dismissed with

prejudice.

## REQUEST FOR COUNSEL

In his reply, Mr. Marlow seeks the appointment of counsel because he is uneducated,

illiterate and must rely on a reader/writer who is not trained in the law, and because the legal

issues are extremely complex.  Dkt. 26, pp. 11, 14.

There is no constitutional right to counsel in a habeas corpus action.  *Coleman v.*

*Thompson*, 501 U.S. 722, 755 (1991).  In addition, the Supreme Court has held that states are not

required to provide legal assistants or law clerks to prisoners to ensure meaningful access to

courts.  See *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (concluding that there is no "freestanding

right to a law library or legal assistance").

A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is

required in his case.  See Rule 8(c) of the Rules Governing Section 2254 Cases.  The court may

also exercise its discretion to appoint counsel for an indigent petitioner in any case where

required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).  Whether

REPORT AND RECOMMENDATION - 23

counsel should be appointed turns on the petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. See *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983).

In this case, there has been no showing made that an evidentiary hearing is required.  Mr. Marlow has been able to file appropriate pleadings and papers to bring forth his claims and argue his position.  In addition, the issue of whether Mr. Marlow has exhausted his state court remedies is not a complex one and may be determined on the state court record provided.

### CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable as to whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 120 S. Ct. 1595, 1604 (2000)

There is nothing in the record to support a conclusion that jurists of reason would find it debatable that the petition does not state a valid claim of the denial or a constitutional right and

REPORT AND RECOMMENDATION - 24

that the district court was not correct in its procedural ruling as to Mr. Marlow's claims for

federal habeas relief.

### CONCLUSION

Mr. Marlow's first claim for federal habeas relief based on the Fifth and Fourteenth

Amendments' due process clause and the First Amendment's access to courts clause has been

properly exhausted and this claim should be re-referred to the undersignd for further briefing by

the parties.  Mr. Marlow's remaining claims (including his first claim based on a Sixth

Amendment right to effective assistance of counsel) are not exhausted and should be **dismissed**

**with prejudice** because they are procedurally barred.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report and

Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections

will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

matter for consideration on **September 10, 2010**, as noted in the caption.

DATED this   16th   day of August, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 25