UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM ALVIE MARLOW,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br><br>SCOTT FRAKES,<br><br>　　　　　　　　　　Respondent. | No. C09-5455 RJB/KLS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Karen L. Strombom (Dkt. 27) and Petitioner's Objection to the Report and Recommendation (Dkt. 28).  The Court has reviewed the Report and Recommendation, the objections, and the remaining file herein.

On July 28, 2009, Petitioner William A. Marlow filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. 1.  On May 24, 2010, Respondent filed a response and submitted relevant portions of the state court record. Dkt. 24, 25.  On June 22, 2010, Petitioner filed a reply.  Dkt. 26.

On August 16, 2010, Magistrate Judge Karen L. Strombom issued a Report and Recommendation.  Dkt. 27.  Magistrate Judge Strombom recommends that this Court find (1) that Mr. Marlow's claims regarding his Fifth and Fourteenth Amendment right to due process and his First Amendment right to access the courts are exhausted; and (2) that Mr. Marlow's claims regarding his Sixth Amendment right to effective assistance of counsel, his claims of

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

constitutional violation based on the jury seeing him in handcuffs and jail garb, and the DOC's failure to provide Mr. Marlow with a jailhouse lawyer are unexhausted. *Id.* Magistrate Judge Strombom further recommends that this Court (1) re-refer this case for further briefing by the parties on the exhausted portion of Mr. Marlow's claims and (2) dismiss with prejudice Mr. Marlow's unexhausted claims. *Id.*

On September 7, 2010, Mr. Marlow filed objections to the report and recommendation as well as a motion for a Certificate of Appealability. Dkt. 28. In his objections, Mr. Marlow states that he does not object to the recommendation by the Magistrate Judge that some of his claims are exhausted. Dkt. 28, at 1. Mr. Marlow does object, however, to the recommendation by the Magistrate Judge regarding the unexhausted nature of his remaining claims. Dkt. 28, at 2-6.

Specifically, Mr. Marlow first objects by arguing that his citation to the Sixth Amendment in his personal restraint petition demonstrates that the Court of Appeals should have interpreted his claim as a violation of his right to effective assistance of counsel. Dkt. 28, at 2-3. Next, Mr. Marlow objects to the Magistrate Judge's conclusion that there is no indication that an evidentiary hearing would shed new light on the grounds for federal habeas corpus relief. Dkt. 28, at 3-4. Mr. Marlow also appears to object to the recommendation of the Magistrate Judge that Mr. Marlow offers no legitimate "cause" that precluded him from properly exhausting his state remedies. Dkt. 28, at 4-6. Finally, Mr. Marlow objects to the recommendation that he should not be appointed counsel. Dkt. 28, at 5.

Mr. Marlow's objections are without merit. The Court agrees with the well-reasoned report and recommendation of the Magistrate Judge.

First, the Court concurs with the analysis of the Magistrate Judge regarding Mr. Marlow's failure to present an ineffective assistance of counsel claim to both the Washington

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

Court of Appeals and the Washington Supreme Court.  Although Mr. Marlow referenced the Sixth Amendment in his personal restraint petition, he included no facts or legal arguments to support an ineffective assistance of counsel claim.  *See* Dkt. 25, Exh. 7, p. 3.  Furthermore, the Court agrees with the Magistrate Judge that Mr. Marlow did not exhaust his ineffective assistance of counsel claim because he raised that issue for the first time to the Court of Appeals in an untimely filed amended personal restraint petition.  *See* Dkt. 27, at 15.

Second, there is no indication that an evidentiary hearing would shed new light on the grounds for federal habeas corpus relief.  Whether Mr. Marlow has properly exhausted his claims for relief is a legal question that may be resolved by reference to the record before this Court.

Third, Mr. Marlow has shown no "cause" that precluded him from exhausting his state remedies.  The Court concurs with the conclusion of the Magistrate Judge that although Mr. Marlow may have had to rely on unreliable and untrained "jailhouse lawyers," such reliance or unreliability does not establish cause.

Fourth, Mr. Marlow has not shown exceptional circumstances warranting the appointment of counsel.  Mr. Marlow has been able to file appropriate pleadings for this case in order to assert his claims and argue his position.  Furthermore, whether Mr. Marlow has exhausted his state remedies may be determined based on the state record provided.

Finally, in his objections Mr. Marlow requests a Certificate of Appealability.  Dkt. 28, at 6-13.  That request is premature and should be denied without prejudice.

Therefore, the Court does hereby find and **ORDER**:

(1)   The Court **ADOPTS** the Report and Recommendation (Dkt. 27).

(2)   Petitioner's first claim for federal habeas relief based on the Fifth and Fourteenth Amendments' due process clause and the First Amendment's access to courts clause has been properly exhausted and this claim is **RE-REFERRED** to Magistrate Judge Karen L. Strombom for further briefing by the parties.  Mr.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

1
2         Marlow's remaining claims (including his first claim based on a Sixth Amendment right to effective assistance of counsel) are not exhausted and are **DISMISSED WITH PREJUDICE** because they are procedurally barred.

3    (3)  Petitioner's Motion for Certificate of Appealability (Dkt. 28) is **DENIED WITHOUT PREJUDICE.**
4

5    (4)  The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent and to the Hon. Karen L. Strombom.
6

7    DATED this 23rd day of September, 2010.

8

9                                              _____
10                                             ROBERT J. BRYAN
11                                             United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 4